# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LEONARD P. SULLIVAN, SR., <br><br>             Plaintiff, <br><br>vs. <br><br>NEVADA DEPT OF ADMINISTRATION, et al, <br><br>             Defendants. | Case No. 2:13-cv-00120-JCM-NJK <br><br>**ORDER AND** <br>**REPORT AND RECOMMENDATION** <br><br>Application to Proceed *In Forma Pauperis* (Dkt. #1) |

Plaintiff Leonard P. Sullivan, Sr. is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on January 22, 2013. This proceeding was referred to this court by Local Rule IB 1-9.

**I.      *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

. . . .

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff alleges claims against Georganne W. Bradley, who was the administrative hearing officer assigned to hear his worker's compensation case.[1] Dkt. #1-1. The Plaintiff's workers compensation case arose from an industrial accident that occurred on June 27, 2003, while he was employed at the MGM-Bellagio.[2] *Id*. Plaintiff alleges that "this case has been reopened by the court and closed by the employer ... numerous times over the years." *Id*. Plaintiff alleges that he waited one year after the last closure of the case, and then filed two separate petitions - one to reopen the case, and one for permanent total disability benefits - after which time, the case was then closed again for some period of time, while he underwent treatment for chronic headaches and migraines. *Id*. On March 9, 2012, the two petitions were consolidated and, on October 2, 2012, Defendant Bradley, in her position as Hearing Officer, denied the petition. *Id*. Plaintiff claims that Defendant, in her position as Hearing Officer, violated his civil rights by excluding evidence by both ruling separately on the issues in the two petitions, and by failing to address

---

[1] Although, in the case caption, Plaintiff included the Nevada Department of Administration as a Defendant, the body of his Complaint alleges claims solely against Hearing Office Georganne W. Bradley.

[2] The Plaintiff's related case against MGM Mirage, et al was dismissed by this Court on March 27, 2013. 2:13-cv-121-JCM-VCF.

1  issues requested by Plaintiff in her findings of fact.[3]  *Id*.  Additionally, Plaintiff claims that Defendant
2  violated his Fourteenth Amendment right to due process by failing to address the issue of missing evidence,
3  and by failing to consider Plaintiff's alleged changed diagnosis and permanent total disability from her
4  October 2, 2012, decision.  *Id*.  Finally, Plaintiff claims that Defendant breached the Occupational Safety
5  & Health Administration (OSHA) regulations by failing to consider offers of proof in her decision.  *Id*.
6  Plaintiff requests relief of $50,000 per alleged violation.  *Id*.

7  Plaintiff's claims against Defendant Bradley all stem from her actions as a Hearing Officer for the
8  Nevada Department of Administration in his workers compensation case.  Therefore, Plaintiff's claims
9  cannot proceed due to judicial immunity.  "Judges are immune from damage actions for judicial acts taken
10 within the jurisdiction of their courts."  *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986).  Immunity
11 attaches even if the acts were in error.  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  Additionally,
12 administrative hearing officers are entitled to absolute immunity.  *Butz v. Economou*, 438 U.S. 478, 512-13
13 (1978); *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986).  *See also Flint v. Dennison*, 488 F.3d 816,
14 824-25 (9th Cir. 2007) (Eleventh Amendment bars damages actions against state officials in their official
15 capacity); *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) (absolute immunity extends to state
16 officials, including those sued in their individual capacity, "when they preside over hearings ... or otherwise
17 perform functions analogous to judges").  Since Bradley is a Hearing Officer who hears cases and renders
18 decisions, Plaintiff's claims are barred by judicial immunity, and should be dismissed.

19 Further, to the extent that Plaintiff intended to sue the Nevada Department of Administration and/or
20 Bradley in her official capacity as a Hearing Officer, his claims are barred by the Eleventh Amendment.
21 The Eleventh Amendment provides that a state or its agencies cannot be sued in federal court without the
22 state's consent.  U.S. Const. Amend. XI; *Alabama v. Pugh*, 438 U.S. 782, 782 (1978).  The State of Nevada
23 has explicitly retained its full Eleventh Amendment immunity.  N.R.S. § 41.031(3).  Therefore, the
24 Plaintiff's claims, to the intent he intended to sue the Nevada Department of Administration and/or Bradley
25 in her official capacity should be dismissed.

---

[3] Plaintiff alleges that MGM Mirage suppressed and destroyed evidence. *Id*. Plaintiff made the same allegations against MGM Mirage in the related case that has been dismissed by this Court.

Accordingly, and for good cause shown,

**IT IS ORDERED** that Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (Dkt. #1) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the Clerk of Court be ordered to file the Complaint (Dkt. #1-1)

**IT IS FURTHER RECOMMENDED** that the Complaint (Dkt. #1-1) be dismissed with prejudice, as "it is clear from the face of the complaint that the deficiencies could not be cured by amendment." *See Cato*, 70 F.3d at 1106.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 20th day of May, 2013.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE